**Rubie Charles JENKINS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 9691.**

United States Court of Appeals
Tenth Circuit.

April 3, 1968.

**304**

Everett C. Fettis, Wichita, Kan. (Paul Arabia, Wichita, Kan., with him on the brief), for appellant.

Guy L. Goodwin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., with him on the brief), for appellee.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

SETH, Circuit Judge.

The appellant was found guilty by a jury of receiving and possessing stolen property in violation of 18 U.S.C. § 2113 (c). He has taken this appeal from his conviction, asserting that the trial court was in error in its rulings on his objections to the venue and on other unrelated points.

Appellant was indicted on three counts. The first count charged that he feloniously entered The Fowler State Bank in Fowler, Kansas, with intent to commit a larceny therein. The second count charged him with feloniously taking money and property from the same bank. The third count was for receiving and possessing stolen property knowing it to have been stolen from The Fowler State Bank at Fowler, Kansas.[1] The jury ac-

quitted the appellant on counts 1 and 2, but, as indicated above, found him guilty on count 3 of receiving and possessing property stolen from the bank in Fowler, Kansas.

The Government by its proof showed that the bank at Fowler, Kansas, was burglarized and that its vault was entered and property was stolen from the safety deposit boxes. It showed that the burglar removed the contents of a box which belonged to a coin collector who was able to describe the coins which had been in the box.

Some months later, FBI agents arrested the appellant and his wife in an apartment in Tulsa, Oklahoma. At the arrest the agents searched the apartment and found therein some firearms, and oxygen-acetylene torch with cutting tips, some sledge hammers, an electric grinder and drill, and a wrecking bar. During the course of this search the agents also found a number of coins which were later identified as being a part of the coin collection stolen from the safety deposit box during the course of the burglary of the Fowler bank.

At the trial the appellant testified that the apartment in Tulsa where he was arrested, and in which the property was found, did not belong to him nor was he a tenant. He also contended that the property found during the search was not his and was not in his possession.

As indicated above, the jury acquitted the appellant of the charge of unlawfully entering the bank at Fowler, Kansas, and acquitted him of stealing property from this bank. The jury however found the appellant guilty of receiving and possessing stolen property knowing it to have been stolen from the Fowler bank. This count 3 of the indictment recited that this offense took place within the district of Kansas.

1. Count 3
   That on or about March 23, 1961, within the District of Kansas, RUBIE CHARLES JENKINS did wilfully, unlawfully and feloniously receive, possess, conceal or dispose of property and money,

knowing the same to have been taken with the intent to steal same from The Fowler State Bank, Fowler, Kansas, said bank being insured with the Federal Deposit Insurance Corporation under Certificate No. 13450. (18 U.S.C. § 2113(c)).

On this appeal, among the other points raised by the appellant, he asserts that the trial court was in error in overruling motions made during the course of the trial and for a new trial which raised the issue of improper venue. The appellant asserts that the entire proof presented by the Government as to count 3 consisted of testimony showing the property to have been found in an apartment in Tulsa, Oklahoma, and testimony that this property had been stolen from the Fowler, Kansas, bank. Appellant asserts that there is no proof which places him at any time within the state of Kansas, and further, the jury found that he did not commit the burglary.

On the issue of waiver of venue, the Government contends that it was waived by reason of the appellant's delay in raising the issue and by going to trial. It further asserts that in any event the venue was properly laid in the state of Kansas.

The trial court, on the appellant's motion for a new trial as to the venue issue, in stating its conclusion, refers to circumstantial evidence as being sufficient. This evidence was that appellant was in possession in Oklahoma of property recently stolen in Kansas, and from this it is concluded or presumed that such possession established that the property had been acquired in Kansas. This would be a presumption similar to that which is applicable on the issue of theft upon proof of such possession.

In view of the action by the jury on the first two counts, the assumption which must be made for the purpose of considering the venue issue as to count 3 would be that the appellant received the property which was found in Tulsa on September 25, 1961, from some third person. The proof satisfactorily shows that this property had been stolen in Kansas on March 23, 1961, thus the time factor is important also. There is nothing in the record however to place appellant in the state of Kansas at any pertinent time, and nothing to connect him with the Fowler bank other than the evidence that property found in the apartment in Tulsa

had been stolen there. All the counts of the indictment assert that the several offenses took place on March 23, 1961, in the district of Kansas.

The importance of proper venue is apparent and need not be here detailed. It is referred to in article III, section 2 of the Constitution of the United States and in the sixth amendment to the Constitution. Statutory provisions relating to venue are contained in 28 U.S.C.A. § 114, and the matter is treated in Rule 18 of the Rules of Criminal Procedure. An abundance of case law may be found on the importance of proper venue and on the need for proof of venue. The Supreme Court, in United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236, stated the general policy as to venue and the importance of proper determination of venue. The Court again considered the matter in Johnston v. United States, 351 U.S. 215, 76 S.Ct. 739, 100 L. Ed. 1097, and again in Travis v. United States, 364 U.S. 631, 81 S.Ct. 358, 5 L.Ed. 2d 340.

It is apparent that improper venue may be waived. Mahaffey v. Hudspeth, 128 F.2d 940 (10th Cir.); Bickford v. Looney, 219 F.2d 555 (10th Cir.); Hilderbrand v. United States, 304 F.2d 716 (10th Cir.). As in any instance of waiver of a fundamental right, the facts asserted by the Government to constitute such a waiver must be clearly established, although it may be shown by circumstantial evidence. United States v. Budge, 359 F.2d 732 (7th Cir.). As indicated above, the Government asserts that the appellant waived venue by going to trial for the three offenses charged. This position by the Government is based in part at least upon the fact there had been a previous trial of the appellant on this indictment and thus he should have known what the proof of venue would be, and should have objected before the trial commenced. This point has little appeal because the defendant was entitled to have the trial proceed as there was no way of knowing that the proof at the second trial would be the same as at the first. It must be borne in mind that

the indictment on its face as to each of the three counts is complete as to venue and each count asserts the offense was committed in Kansas. It cannot thus be said that the defendant waived the objection he now asserts by going to trial under these circumstances.

■ The record shows that the appellant at the conclusion of the Government's case moved "* * * that he be discharged on all three counts of the indictment, for the reason that the Government has failed to present a sufficient case to proceed to the jury." This motion was made with a motion to strike certain evidence which had theretofore been admitted. The court overruled both motions. At the conclusion of all the evidence, the appellant moved "* * * that there be a directed verdict of acquittal on each of the three counts for the reason that the Government has failed to prove a case for conviction, and to prove any case beyond a reasonable doubt on any and each of the three counts." The court overruled this motion and no further argument was made on this point at that time. Following the verdict of the jury, the appellant moved for an acquittal and for a new trial. At this time the only points raised, of course, concerned the third count, and specific objection was then made as to venue. The appellant then argued that the court should not have permitted the matter to go to the jury in view of the proof. He argued further that during the course of the trial he had properly raised the issue by his motion for acquittal and pointed out that when the motion was made there was still the possibility of the appellant being found guilty of the burglary in Kansas and also of being found guilty of receiving and possessing the property in Kansas. However, when the jury acquitted him of the first two charges, the issue of venue clearly arose and was timely raised on the motion for a new trial. We hold that the issue was properly raised by appellant (United States v. Gross, 276 F.2d 816

(2d Cir.)), and, in the very unusual circumstances of this case, was not waived.

■ Venue in Kansas was improper. A presumption suitable to support venue in Kansas for count 3 did not arise from appellant's possession in Oklahoma of property recently stolen in Kansas, in the face of his acquittal of the entering and theft charges, and in the absence of proof that he was in Kansas at any pertinent time. There is not a sufficient relationship between the fact of possession in Oklahoma and the circumstance sought to be presumed—receiving and possessing in Kansas—to give rise to such a presumption. Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519. The cases of Serio v. United States, 377 F.2d 936 (D.C.Cir.), and United States v. Bozza, 365 F.2d 206 (2d Cir.), discuss the necessity for a close relationship between the fact shown and the fact presumed.

In the application of decisional presumptions in cases of this nature, and in the forgery and uttering cases, it is often difficult to distinguish between facts giving rise to the presumption and to circumstantial evidence used to establish venue. In the case before us the trial judge stated that there was sufficient circumstantial evidence to support the venue in Kansas. However, we cannot agree that the evidence of the theft in Kansas of the property found in Oklahoma is sufficient when considered with appellant's acquittal on the first two counts. Also as indicated above, there was no room for a presumption. The Government urges that the continuing offense statute gives them an assist on this point, but the record does not support its application here.

Thus the Government failed to show that venue was properly laid in Kansas, and further the appellant did not waive improper venue.

The judgment is set aside and the case is reversed with directions to dismiss the count upon which it is based.