**UNITED STATES of America,**
**Plaintiff,**

v.

**Richard S. MISCHLICH, Defendant.**

**Crim. No. 284-67.**

United States District Court,
D. New Jersey.

March 6, 1970.

George J. Koelzer, Asst. U. S. Atty., Newark, N. J., for plaintiff.

John A. Yacovelle, Jr., Cherry Hill, N. J., for defendant.

## OPINION

STEEL, District Judge:

The defendant was tried and convicted by a jury under Counts VI and VII of an indictment following which defendant moved for an acquittal and judgment thereon was reserved.

## COUNT VI

This count charged defendant with knowingly having made a false representation of a material fact in a matter within the jurisdiction of the Small Business Administration. The misrepresentation was alleged to have been contained in a letter and balance sheet supplementing a loan application of the Ariston Canning Company. Title 18 U. S.C. § 1001 was thereby alleged to have been violated in the District of New Jersey where the case was tried. Section 1001 provides:

> "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

Defendant contends that a variance appears between the indictment and

proof. He points out with accuracy that the evidence established that the documents containing the alleged misrepresentation were hand delivered at the Philadelphia office of the Small Business Administration (the only office which had authority to pass on the loan) and from this fact argues that the crime was committed in the Eastern District of Pennsylvania and not in the District of New Jersey. For this reason, defendant urges, venue lay only in Pennsylvania.

The Government points out, however, that there was evidence that an oral misrepresentation of the same tenor as the written one was first made in New Jersey to the Small Business Administration representative and that the documents later delivered in Philadelphia were simply confirmatory of the prior oral statement. (Tr. 311, 313–314). For this reason it argues the crime was committed in New Jersey as well as in Pennsylvania.

■ The oral misrepresentation relied upon by the Government cannot support venue in New Jersey without creating a fatal variance from the indictment which pleads only the written misrepresentation.[1]

The following discussion will, therefore, be based upon the premise that the only misrepresentation made to the Small Business Administration was in the writings pleaded in the indictment which were hand delivered to its Philadelphia office.

■ Upon this basis, the rationale of Travis v. United States, 364 U.S. 631, 81 S.Ct. 358, 5 L.Ed.2d 340 (1961) and United States v. Valenti, 207 F.2d 242 (3d Cir. 1953) supports defendant's contention that venue lay only in Pennsylvania. So also does the holding in United States v. Borow, 101 F.Supp. 211 (D. N.J.1951).

As an additional reason for arguing that venue existed in both New Jersey and Pennsylvania, the Government points to paragraph one of 18 U.S.C. § 3237(a). It provides:

"Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

■ The Government argues that although it may be assumed that no crime was committed until the documents containing the alleged misrepresentation were delivered to the Small Business Administration in Philadelphia, the action leading to the crime was at least begun in New Jersey where the documents were prepared and from which they were carried into Pennsylvania for delivery. This construction of section 3237(a), if accepted, would do violence to Art. III, § 2 of the Constitution and the Sixth Amendment which provide that the trial of all crimes, except impeachments, shall be held in the states where the crimes were committed. Since the only criminal act which was proved occurred in Pennsylvania, it alone had venue under the terms of the Constitution. Multiple venue in general requires crimes consisting of "distinct parts" or involving "a continuously moving act". Travis v. United States, *supra*, 364 U.S. at 636, 81 S.Ct. 358. The crime here involved falls in neither of these categories.

The Government further contends that defendant has waived any right which he otherwise might have to challenge the venue of New Jersey. This argument requires a brief review of the history of the litigation.

---

[1]. In any event, if the oral misrepresentation were to be deemed significant (variance aside) a jury question would exist whether that misrepresentation had in fact been made. Neither party by their prayers asked that the venue question be submitted to the jury. (This statement is based solely on the Court's memory, the requests for instructions not having been found in the record.)

██ The conviction presently challenged resulted from a second trial of defendant. In an earlier trial, after the Government had rested its case, defendant moved for a judgment of acquittal under Count VI, among others. The motion was denied. The grounds of the motion were specified. Lack of venue was not included among them, although when the motion was made the proof established that the documents containing the alleged misrepresentation had been delivered to the Small Business Administration in Philadelphia.[2] The right of a defendant to be tried in the district where the crime was committed is a privilege that may be waived by failure to make a timely objection. United States v. Polin, 323 F.2d 549, 556–557 (3d Cir. 1963.) The failure to raise the venue objection as a ground for a motion to acquit, when other grounds are particularized, constitutes a waiver of the venue objection. United States v. Rivera, 388 F.2d 545 (2d Cir.), cert. denied, 392 U.S. 937, 88 S.Ct. 2308, 20 L. Ed.2d 1396 (1968).[3] So the defendant waived the venue defense in the first trial.

After the denial of the motion to acquit in the first trial, the defense began to put in its case in the course of which a mistrial was declared for reasons not now material. The second trial followed which resulted in the conviction which is the subject of the present motion for an acquittal. In this latter action, before the commencement of trial, at the close of the Government's case and at the conclusion of the trial, the defendant assiduously pressed its contention that the District of New Jersey was not the proper venue for the trial of the action.

Since during the first trial the defendant implicitly consented to have Count VI tried in New Jersey, the question arises whether by this consent defendant is foreclosed from later effectively objecting to being tried for the same crime in the same district. No case which has been brought to the Court's attention discussed this point directly.[4] An examination of the legal effect of a mistrial is therefore necessary.

 The declaration of a mistrial renders nugatory all trial proceedings with the same result as if there had been no trial at all. See 58 C.J.S. Mistrial at 833–834 (1948). The situation which exists is analogous to that which results from an appellate reversal and remand for new trial. See 5 Am. Jur.2d Appeal and Error § 955 at 382 (1962). The parties are returned to their original positions and, at the new trial, can introduce new evidence and assert new defenses not raised at the first trial. See, e. g., United States v. Shotwell Mfg. Co., 355 U.S. 233, 243, 78 S. Ct. 245, 2 L.Ed.2d 234 (1957); United States v. Romano, 241 F.Supp. 933, 936–937 (D.Me.1965); 5 Am.Jur.2d Appeal and Error § 955 (1962). Compare United States v. Lutz, 420 F.2d 414 (3d

---

2. The only difference between the proofs in the first trial and those of the second to which defendant has called the Court's attention is (1) the testimony of Drayer that "to the best of my recollection [the letter] was *hand delivered*" in Philadelphia (Tr. 311) and (2) that the Small Business Administration had no offices other than the one in Philadelphia authorized to make loans in Atlantic County. (Tr. 291)

3. This was the basis for the Court's denying the motion of defendant which was made before the commencement of the second trial (the present one) to acquit or in the alternative to dismiss Count VI which was based upon lack of venue juris-

diction. *See* opinion dated August 19, 1969.

4. Defendant's reliance upon Jenkins v. United States, 392 F.2d 303 (10th Cir. 1968) is misplaced. It holds only that the failure of the defendant to raise the venue defense in advance of a second trial is no waiver of the right to assert that defense later in that trial. Here no such problem exists, for defendant in advance of the second trial did assert that venue was improper. Whether in *Jenkins* the defendant raised this defense unsuccessfully during the first trial is not indicated. Only if he had done so would the decision, by implication, have a bearing on the instant problem.

Cir. 1970) where, although a jury trial had been waived by both parties at the first trial and later a mistrial was declared, in a second trial it was held that a jury trial would be allowed upon the insistence of one of the parties. The Court said (p. 416):

> "Once a mistrial was declared each party was free to assert or waive his rights."

The venue defense, although waived in the first trial in the instant action, was properly raisable when the case was retried.[5]

Since Count VI must be dismissed and a judgment of acquittal entered for lack of venue, it is unnecessary to resolve the other points which defendant has raised, viz., estoppel by judgment arising out of the conspiracy acquittal in the first trial,[6] and the claimed lack of materiality of the misrepresentations.

## COUNT VII

This charges the defendant with having violated 18 U.S.C. §§ 1005 and 2. The gist of the offense charged, insofar as relevant, is that defendant knowingly caused an entry to be made upon the books of the Egg Harbor National Bank which purported to show an assignment to it by Ariston Canning Company of accounts receivable which it held against University Pizza and Distributing Co. in the amount of $26,576.62 and $1,105.31, respectively, when, as defendant well knew, the accounts were false and fictitious.

Defendant contends first that a judgment of acquittal should be entered because of the doctrine of collateral estoppel. This argument is based upon the dismissal at the close of the Government's case during the first trial of the first count. That count alleged a conspiracy between defendant and others having as its purpose, among others, the making of the false entries which are the substantive offenses alleged in Count VII.

The principle of estoppel by judgment is applicable to criminal as well as to civil cases. The principle is fundamental that a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties. United States v. DeAngelo, 138 F.2d 466, 468 (3d Cir. 1943). In Sealfon v. United States, 332 U.S. 575, 578–579, 68 S.Ct. 237, 92 L.Ed. 180 (1948) the Court stated that a judgment of acquittal in a conspiracy case will bar a later conviction for a substantive offense which was an object of the conspiracy only when facts determined favorably to the defendant in the conspiracy trial are essential to a conviction of the substantive offense.

In the instant case the defendant was acquitted of the conspiracy count only because the Court failed to find that the conspiracy had as its object any of the substantive violations therein alleged including that embraced in Count VII.[7] This failure of proof is entirely consistent with the determination in the second trial that the substantive offenses had been proven.

Furthermore, to make any comparison between the facts introduced at the second trial with those introduced at the first trial, a record of the evidence in the first trial is essential. Here there is no such record. Even were this Court disposed to rely upon its memory of the evidence offered months ago during the first trial—a difficult task at best—an appellate court would be without aid to evaluate the evidence in the two trials if it were confronted with the estoppel by judgment argument. *See* Divide Creek Irr. Dist. v. Hollingsworth, 72 F.2d 859, 863 (10th Cir. 1934).

---

5. This is contrary to the conclusion expressed in the Court's letter opinion of August 19, 1969.

6. This point is, however, discussed in connection with the disposition of Count VII.

7. This is also true of Count VI as to which defendant has made the same estoppel by judgment argument.

Defendant next argues that the Government failed to prove that the entry was false. The cases cited by defendant hold that there can be no crime under the false entry statute if an entry accurately states a transaction which occurred. In these circumstances the courts hold that the entries are true and not false, even though they have been made with knowledge that the transactions are fraudulent. Twining v. United States, 141 F. 41 (3d Cir. 1905), is illustrative of such a case.

The distinction between these cases and the instant one is obvious. In the case at bar the entry was not of a transaction which occurred. The accounts receivable which Ariston assigned to the bank purported to arise from sales which Ariston had made to University Pizza and Distributing Co. No such sales had ever been made. The accounts receivable were fictitious. The entries were, therefore, false.

The motion to acquit defendant under Count VII is denied.