## PEOPLE v CHEATHAM

Docket No. 66661. Submitted November 2, 1983, at Detroit.—Decided
April 24, 1984.

Robert E. Cheatham was charged with armed robbery and two
counts of first-degree criminal sexual conduct, one while armed
with a weapon and one committed during the commission of
another felony, the armed robbery, Recorder's Court of Detroit.
During the trial, the prosecutor amended the information to
allege two counts of CSC I committed while armed with a
weapon. He was convicted of the two counts of CSC I and of
attempted armed robbery. On appeal the attempted armed
robbery conviction was affirmed and the CSC I convictions were
reversed and the case was remanded for a new trial because of
instructional error (unpublished memorandum decision, Docket
No. 49950). On remand, defendant was convicted of two counts
of CSC I, one while armed with a weapon and one committed
during the commission of another felony, armed robbery, Don-
ald L. Hobson, J. Defendant appealed. *Held:*

1. Defendant was properly tried under the information charg-
ing CSC I under both the armed with a weapon and the during
the commission of another felony theories. The reversal of a
conviction renders nugatory all trial proceedings with the same
result as if there had been no trial at all.

2. Failure to object to the nonproduction of an alleged res
gestae witness at trial precludes appellate review absent some
showing of manifest injustice. Defendant was not prejudiced by
the nonproduction of certain witnesses. Defendant acquiesced

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 599.

[2] 5 Am Jur 2d, Appeal and Error §§ 948, 955.

[3, 4] 5 Am Jur 2d, Appeal and Error § 611.
    29 Am Jur 2d, Evidence § 180.
    81 Am Jur 2d, Witnesses § 2.

[5] 75 Am Jur 2d, Trial § 654.

[6] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
    75 Am Jur 2d, Trial § 906 *et seq.*

[7] 21 Am Jur 2d, Criminal Law §§ 551, 552.
    65 Am Jur 2d, Rape § 115.

in the nonproduction of one, one was out of the state, no manifest injustice was shown for the nonproduction of another and another was not a res gestae witness by definition.

3. The court did not err in giving only a cursory instruction on defendant's theory of the case. No request for any instruction was made and a trial court is not required to present defendant's theory to the jury unless defendant makes a request for it.

4. Conviction on both first-degree criminal sexual conduct and the underlying felony is improper. The conviction of attempted armed robbery was superfluous and should be vacated.

Affirmed as to the CSC I convictions and remanded with instructions to vacate the attempted armed robbery conviction.

1. INDICTMENT AND INFORMATION — APPEAL — PRESERVING QUESTION.
   An information may not be challenged for the first time on appeal, absent some showing of a miscarriage of justice.

2. TRIAL — REVERSAL — APPEAL.
   The reversal of a conviction renders nugatory all trial proceedings with the same result as if there had been no trial at all.

3. WITNESSES — RES GESTAE WITNESSES — APPEAL — PRESERVING QUESTION.
   Failure to object to the nonproduction of an alleged res gestae witness at trial precludes appellate review absent some showing of manifest injustice.

4. WITNESSES — RES GESTAE WITNESSES.
   A res gestae witness to a crime is one who was an eyewitness to some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts surrounding the alleged offense.

5. CRIMINAL LAW — JURY INSTRUCTIONS — COURT RULES.
   A trial court is not required to present defendant's theory to the jury unless defendant makes a request for it (GCR 1963, 516.7).

6. TRIAL — JURY INSTRUCTIONS — APPEAL — PRESERVING QUESTION.
   Failure to object to alleged instructional error at trial precludes appellate review absent a showing of manifest injustice.

7. RAPE — DOUBLE PUNISHMENT — CRIMINAL SEXUAL CONDUCT — LEGISLATIVE INTENT — STATUTES.
   The Legislature has not evidenced a clear intent to authorize multiple convictions and cumulative punishments for first-degree criminal sexual conduct and an underlying felony.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Linda D. Ashford,* for defendant.

Before: BRONSON, P.J., and SHEPHERD and J. P. SWALLOW,* JJ.

PER CURIAM. Defendant appeals as of right his conviction by a jury of two counts of criminal sexual conduct (CSC) in the first degree, MCL 750.520b(1)(c), 750.520b(1)(e); MSA 28.788(2)(1)(c), 28.788(2)(1)(e). Defendant was sentenced to a term of 6 to 20 years on each count of CSC.

In earlier proceedings, defendant was charged with two counts of CSC while armed with a weapon, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), and separately charged with armed robbery. Defendant was found guilty on the CSC charges, acquitted of the separate armed robbery charge and, instead, found guilty of attempted armed robbery. This Court affirmed the attempted robbery conviction, but reversed the CSC convictions due to errors in instruction. The case was remanded for retrial of the CSC charges. On remand the jury returned the CSC convictions which defendant now appeals.

Defendant points out that the original information alleged CSC under circumstances involving commission of another felony, MCL 750.520b(1)(c); MSA 28.788(2)(1)(c). The "other felony" was armed robbery, as noted above. Defendant goes on to point out that the prosecution amended the infor-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mation to allege CSC while armed with a weapon, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e). According to defendant, the decision to so amend the information at the first trial amounted to a permanent election of theories and precluded any reprosecution under MCL 750.520b(1)(c); MSA 28.788(2)(1)(c) on remand. We disagree.

We note that defendant failed to preserve this issue for appeal; at the post-remand trial, defendant did not challenge the information realleging CSC under circumstances involving commission of a felony. Absent some showing of a miscarriage of justice, a defendant may not challenge an information for the first time on appeal, *People v Hernandez*, 80 Mich App 465; 264 NW2d 343 (1978), *lv den* 406 Mich 938 (1979).

Even if defendant had properly preserved this issue, his argument would be without merit. This Court's order reversing and remanding defendant's original CSC conviction had the effect of nullifying all actions taken during the first trial with respect to those convictions, including the prosecution's decision to amend the information. See *United States v Mischlich*, 310 F Supp 669 (D NJ, 1970), *aff'd* 445 F2d 1194 (CA 3, 1971); *cert den* 404 US 984; 92 S Ct 449; 30 L Ed 2d 368 (1971), quoted in *People v Hamm*, 100 Mich App 429; 298 NW2d 896 (1980), *lv den* 411 Mich 888 (1981). In *Hamm,* this Court found that a defendant's waiver of a jury in one trial was nullified by a subsequent order declaring a mistrial. As noted in *Mischlich, supra,* and again in *Hamm, supra:*

"The declaration of a mistrial *renders nugatory all trial proceedings* with the same result as if there had been no trial at all. [Citation omitted.] *The situation which exists is analogous to that which results from an appellate reversal and remand for new trial.* [Citation

omitted.] The parties are *returned to their original positions* and, *at the new trial, can* introduce new evidence and *assert new defenses* not raised at the first trial." (Emphasis added.) 310 F Supp 669, 672, quoted at 100 Mich App 435.

In *Hamm,* the Court reasoned that, when defendant made his jury waiver, the waiver only related to his original trial. Similarly, in the present case the prosecutor's decision to amend the information to allege CSC while armed with a weapon, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), only related to the original trial, and on remand the prosecution was returned to its original position. That position was manifested in the allegations of the original information which alleged CSC under circumstances involving commission of another felony, MCL 750.520b(1)(c); MSA 28.788(2)(1)(c). It follows that reprosecution under the original information was not only proper, but necessary, based upon the rule announced in *Mischlich, supra,* and *Hamm, supra.*

Defendant next contends that he was prejudiced by the nonproduction of two witnesses who had been endorsed by the prosecution, Dr. Brooks Bock and Officer Michael Ledbetter. We find no reversible error. Dr. Bock, a physician who examined the complainant shortly after the incident, was located outside of the jurisdiction at the time of trial. Even if he did qualify as a res gestae witness, *People v LaPorte,* 103 Mich App 444, 452; 303 NW2d 222 (1981); *People v Kirtdoll,* 391 Mich 370, 394; 217 NW2d 37 (1974), due diligence excuses production of a witness who is no longer within the state, *People v Fournier,* 86 Mich App 768; 273 NW2d 555 (1978); *People v Serra,* 301 Mich 124; 3 NW2d 35 (1942). More importantly, even if defendant could show a lack of due diligence in produc-

ing Dr. Bock, the fact remains that defense counsel effectively waived production of Dr. Bock. Counsel stipulated to the trial court's proposal to have Bock's medical report read into evidence in lieu of having Bock appear at trial to testify. See *People v Johnston,* 76 Mich App 332; 256 NW2d 782 (1977), where a similar stipulation precluded any objection to the nonproduction of a medical witness. In the present case, neither party disagreed with the trial court's observation that Bock's testimony would have added nothing to the medical report which was read into evidence in lieu of that testimony. In short, it is apparent that the parties acquiesced in the nonproduction of Dr. Bock and that the failure to produce him was a harmless error, if error at all.

As to Officer Ledbetter, defendant offers no description of this witness's role in the incident nor any indication of the potential significance of his testimony. Defendant's failure to object at trial to this witness's nonproduction forecloses appellate review absent some showing of manifest injustice. *People v Davis,* 122 Mich App 597, 605; 333 NW2d 99 (1983). Given defendant's complete failure to allege, let alone demonstrate, any prejudice which might have resulted from the nonproduction of witness Ledbetter, we conclude that the issue of his nonproduction is not properly before this Court.

Defendant next points to the prosecution's failure to endorse and produce a witness who was present but asleep at the time of the offense. The witness was identified only as the girlfriend of a Mr. Frank Smith; her name was not known to either the prosecution or defendant at the time of trial. Smith was an eyewitness to the incident; he testified that he saw what occurred by looking out

of his bedroom window. Smith later talked to the complainant and testified that his girlfriend had been present in the bedroom at the time, but that she slept through the entire incident and saw nothing of what had taken place. Under these circumstances, we find no basis for defendant's argument that Smith's girlfriend was a res gestae witness whose endorsement might have been required by MCL 767.40; MSA 28.980.

A res gestae witness is defined as "one who was an eyewitness to some event in the continuum of a criminal transaction and whose testimony will aid in developing a full disclosure of the facts". *People v Hadley,* 67 Mich App 688, 690; 242 NW2d 32 (1976). In the present case, Smith's girlfriend was not an eyewitness to any event in the criminal transaction. Her status is analogous to that of the "witness" in *People v Meatte,* 98 Mich App 74; 296 NW2d 190 (1980), a neighbor who was infirm, hard of hearing and asleep at the time of an altercation. She was not in any position to view any of the events underlying the transaction and her testimony would not have aided in reproducing the events in question. *Hadley, supra.*

Defendant has similarly failed to properly preserve this issue for appeal. Defendant did not seek a hearing at the trial court level, either during or after trial, to determine this witness's identity and status as a possible res gestae witness. Thus, even if we could agree that this witness was a res gestae witness, defendant's failure to meet this requirement precludes appellate review. *People v Willie Pearson,* 404 Mich 698; 273 NW2d 856 (1979); *People v Caldwell,* 122 Mich App 618; 333 NW2d 105 (1983).

Defendant next contends that he was deprived of a fair trial when the trial court *sua sponte* gave a

cursory instruction describing defendant's theory of the case. The court merely stated: "The defendant has suggested to you in his theory of the defense [sic], that the prosecutor has not sustained his burden." This instruction cannot serve as grounds for reversal where defendant failed to object at trial. Neither party requested specific jury instructions on their respective theories of the case, GCR 1963, 516.7. Accordingly, we do not believe that the trial court was obliged to give any *sua sponte* instruction setting forth either party's theory. In this regard, we choose to follow the reasoning set forth in *People v Gary Wilson,* 122 Mich App 1; 329 NW2d 513 (1983); *People v Jansson,* 116 Mich App 674; 323 NW2d 508 (1982); *People v Trammell,* 70 Mich App 351; 247 NW2d 311 (1976), and *People v Peery,* 119 Mich App 207; 326 NW2d 451 (1982). We disagree with those panels which have held that a trial court must give a full *sua sponte* instruction describing a defendant's theory even in the absence of a request for such an instruction, *Cf. People v Gayton,* 81 Mich App 390; 265 NW2d 344 (1978); *People v Stanley Jones,* 69 Mich App 459; 245 NW2d 91 (1976); *People v Hearn,* 100 Mich App 749; 300 NW2d 396 (1980). The rule announced in those cases is inconsistent with the language of GCR 1963, 516.7, which presupposes a request for an instruction as to a party's theory. Even if a *sua sponte* instruction were required, the trial court did take the step of giving an instruction, however cursory it might have been.

We note that once again defendant has failed to properly preserve this issue for appeal. Defendant did not object at trial to the court's formulation of his theory and the absence of any timely objection precludes appellate review absent a showing that

manifest injustice resulted from the instruction. *People v Jackson,* 98 Mich App 735; 296 NW2d 348 (1980); *People v Branner,* 53 Mich App 541; 220 NW2d 183 (1974), *lv den* 392 Mich 814 (1974). We conclude that there was no manifest injustice, given defendant's complete failure to explain how the challenged instruction might have prejudiced his case.

Defendant's final argument on appeal does have merit and requires reversal of his earlier conviction for attempted armed robbery. Defendant contends that, given his initial conviction of attempted armed robbery, his subsequent conviction of CSC under circumstances involving commission of a felony violated the constitutional prohibition against double jeopardy. We agree. The felony underlying the CSC conviction now on appeal is the same armed robbery for which defendant has already once been tried. There is a split of opinion among panels of this Court as to whether it is a due process violation to convict a defendant of CSC "under circumstances involving commission of a felony", MCL 750.520b(1)(c); MSA 28.788(2)(1)(c), while separately charging and convicting for the underlying felony. *People v Robideau,* 94 Mich App 663; 289 NW2d 846 (1980), *lv gtd* 412 Mich 871 (1981); *People v Ferrell,* 99 Mich App 609; 299 NW2d 366 (1980). *Cf. People v Charles Thompson,* 117 Mich App 522; 324 NW2d 22 (1982); *People v Swearington,* 84 Mich App 372; 269 NW2d 467 (1978); *People v Peete,* 102 Mich App 34; 301 NW2d 53 (1980), *lv den* 411 Mich 962 (1981); *People v Bouknight,* 106 Mich App 798; 308 NW2d 703 (1981), *lv gtd* 412 Mich 871 (1981).

So long as the double jeopardy question remains unresolved by the Supreme Court, we choose to follow the rule announced in *Thompson, supra,*

*Swearington, supra, Peete, supra,* and *Bouknight, supra.* Defendant has already been charged and tried once for armed robbery, and has been convicted of the lesser included offense of attempted armed robbery, *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), *reh den* 396 Mich 976 (1976). To convict him now for CSC "under circumstances involving commission of another felony" violates the double jeopardy clause,[1] since the underlying felony is the same armed robbery for which defendant has already been placed in jeopardy.

The conviction for attempted armed robbery is superfluous and should be vacated. The matter is remanded for entry of an order vacating the conviction for attempted armed robbery. The convictions of two counts of CSC in the first degree are affirmed.

Affirmed in part and reversed in part.

---

[1] Although we find a double jeopardy violation in defendant's multiple *convictions,* we would not go so far as to find a violation in the mere fact that defendant was retried for CSC "under circumstances involving commission of" the felony of armed robbery. The present case is distinguishable from that cited by defendant, *People v MacPherson,* 21 Mich App 385; 175 NW2d 828 (1970). In that case the defendant was acquitted of rape but convicted of a lesser charge, assault with intent to commit rape. He successfully moved for a new trial, and was retried on the greater charge, rape. This Court found a double jeopardy violation in the decision to reprosecute on the greater charge, of which the defendant had already been acquitted. Here, defendant is not being reprosecuted for armed robbery itself, but instead for a specific type of criminal sexual conduct which merely includes that felony as an element of the offense. He does not face unconstitutional multiple punishment so long as his conviction for attempted armed robbery is vacated and only a single sentence is imposed for the conduct involved in this offense.