PEOPLE v FERNANDEZ

Docket No. 84320. Submitted May 20, 1986, at Lansing. Decided
    August 4, 1986. Leave to appeal denied, 426 Mich 879.

   Albert K. Fernandez was convicted of assault with intent to do
      great bodily harm less than murder following a jury trial in
      Ingham Circuit Court, Robert Holmes Bell, J. Defendant ap-
      pealed, asserting as error the trial court's ruling that the
      prosecution could use evidence of three of defendant's prior
      convictions for impeachment purposes, the trial court's sustain-
      ing of the prosecution's objection to defense counsel's attempt
      on the direct examination of defendant to bring out the fact of
      defendant's prior convictions, and the trial court's permitting
      the prosecution to impeach one of its witnesses by use of a
      prior statement. *Held:*

      1. Michigan still permits impeachment of a criminal defen-
      dant's testimony by use of evidence of the defendant's prior
      convictions, providing that the trial court, after consideration
      of the nature of the prior convictions, whether the prior convic-
      tions are for substantially the same conduct as the charged
      offense and the effect on the decisional process if the defendant
      does not testify because of fear of impeachment, determines in
      the exercise of its discretion that the probative value of such
      evidence in assessing credibility outweighs the prejudicial ef-
      fect. The trial court in the present case carefully reviewed the
      relevant factors, recognized its discretion, determined that the
      probative value outweighed the potential prejudice and articu-
      lated its finding on the record.

      2. Even though a party normally cannot impeach its own
      witness and even though the Michigan Rules of Evidence seem
      to suggest that evidence of prior convictions is to be brought
      out on cross-examination, in the absence of an express state-
      ment in the Michigan Rules of Evidence that the long estab-
      lished practice of allowing defense counsel to bring out the fact
      of the existence of prior convictions, that practice is deemed to

REFERENCES

Am Jur 2d, Witnesses §§ 569-586, 596-611.
See the annotations in the Index to Annotations under Eyewit-
    nesses; Impeachment of Witnesses; Res Gestae.

be proper and defense counsel will be permitted to continue the practice. Although it was error for the trial court to prohibit defense counsel from questioning defendant about his conviction, that error did not result in error mandating reversal.

3. The prosecution was properly permitted to impeach its witness by means of a prior inconsistent statement, since it is clear that the witness was a res gestae witness who the prosecution was obligated to call and the trial testimony of that witness was clearly contrary to what the prosecution anticipated.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT.

Evidence of prior convictions may be used to impeach the credibility of a criminal defendant who takes the stand and testifies, provided that the trial court, before admitting such testimony, considers the nature of the previous conviction, whether the conviction was for substantially the same conduct as the charged offense and the effect on the decisional process if the accused does not testify and then, in the exercise of its discretion, determines that the probative value of such testimony outweighs its prejudicial effect (MRE 609).

2. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT.

Defense counsel may properly bring out on direct examination of a criminal defendant the fact that the defendant has prior convictions; neither the rule that a party may not ordinarily impeach its own witness nor the rule in the Michigan Rules of Evidence which seems to suggest that such evidence of prior crimes can only be brought on cross-examination is sufficient to prohibit defense counsel from softening the impact of the revelation of defendant's past transgressions by bringing them out during direct examination of the defendant (MRE 609).

3. WITNESSES — RES GESTAE WITNESSES — CRIMINAL LAW.

A res gestae witness to a crime is one who was an eye witness to some event in the continuum of a criminal transaction and whose testimony will present a full story of what happened.

4. CRIMINAL LAW — EVIDENCE — PRIOR INCONSISTENT STATEMENTS — IMPEACHMENT.

The prosecution may properly impeach the testimony of a res gestae witness by the use of a prior inconsistent statement of the witness where the witness's testimony at trial was contrary to that which the prosecution had anticipated.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Robert B. Ebersole,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *P. E. Bennett*), for defendant on appeal.

Before: SHEPHERD, P.J., and ALLEN and G. R. COOK,* JJ.

ALLEN, J. Defendant appeals as of right his conviction by jury of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279. Sentenced January 16, 1985, to four to ten years in prison, he appeals, raising three claims of error. We affirm.

The charges against defendant resulted from a fight on the curb outside defendant's home between defendant and Jeffrey Salazar in the early evening of July 13, 1984. It was the theory of the prosecution, as instructed to the jury, that the fight occurred when without provocation defendant challenged Salazar to fight, that Salazar had no desire to fight and no weapon but stood his ground, that defendant suddenly pulled a knife from this pocket and stabbed Salazar in the chest, and that the wound penetrated the thoracic cavity within inches of the heart and liver causing the victim to remain in the hospital for four days.

The defense theory was that Salazar was the aggressor, that Salazar went to defendant's residence and caused a disturbance, that, after defendant and Salazar went outside the house, Salazar indicated he wanted to fight, and that, as Salazar rushed toward defendant, the defendant saw a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

knife on the ground, picked it up and in self-defense struck Salazar in the heart.

Three rulings by the trial court are the basis for defendant's claim of reversible error. At the beginning of trial, the prosecution moved in limine to allow the use of evidence of defendant's four prior convictions[1] for impeachment purposes under MRE 609, should defendant choose to testify. Over objection by defense counsel, the trial court ruled that evidence of the three prior convictions relating to theft might be used, but declined to permit use of evidence of the prior conviction for resisting arrest. Defendant testified in his own defense, and on direct examination defense counsel sought to introduce evidence of the prior convictions so as to diffuse such prejudice as might result from having the prosecution use them for impeachment. The prosecutor objected on the ground that counsel was impeaching his own witness. The trial court sustained the objection. On cross-examination, the prosecutor brought out the fact of the prior convictions.

At trial, the prosecution called John Doyan as a witness. Doyan testified that he had been at defendant's home earlier on the night of the offense, but denied that he saw the fight and could not recall that he had made statements to police officer Baylis that he had seen the fight and knew who did the stabbing. The prosecution then called Baylis as a rebuttal witness. Over defense counsel's objection, Baylis testified that he talked with Doyan subsequent to the stabbing and Doyan told him he had witnessed the stabbing and that defendant was the person who did it.

---

[1] A 1975 attempted breaking and entering; a 1976 larceny in a building; a 1983 attempted larceny in a building; and a 1976 resisting arrest.

I

Citing this Court's opinion in *People v Roby*, 145 Mich App 138, 140; 377 NW2d 366 (1985), and Justice Swainson's concurring opinion in *People v Jackson*, 391 Mich 323, 343-347; 217 NW2d 22 (1974), and relying heavily on decisions from other jurisdictions,[2] defendant argues that evidence of "prior convictions should not be permitted at all to attack the credibility of a defendant." Defendant reads *Roby* too broadly. *Roby* rejected a similar argument, stating only that the "claim is one of judicial policy that should be addressed to our Supreme Court." *Jackson* hinted at adopting the policy now advocated by appellant, but since that time the new Michigan Rules of Evidence have been adopted and subsequent decisions by both this court and the Supreme Court have continued to admit evidence of a defendant's prior convictions, with the proviso that the trial courts should exercise their discretion to deny admission when admission of a conviction would create unfair prejudice. Until the Supreme Court rules otherwise, we see no reason to change the current policy.

Defendant also contends that the trial judge failed to properly consider the required factors for determining admissibility of evidence of the prior convictions. We disagree. MRE 609(a) provides for admission of evidence of felonies and crimes involving falsehood and dishonesty when the trial court determines that the probative value of such evidence in assessing credibility outweighs the prejudicial effect. The court must place on the record the factors considered in exercising its dis-

[2] *State v McAboy*, 160 W Va 497; 236 SE2d 431 (1977); *State v Santiago*, 53 Hawaii 254; 492 P2d 657, 661 (1971); *Evidence-Admissibility of Prior Convictions to Impeach a Witness*, 44 Tenn L R 401, 411-412 (1977); Montana Rules of Evidence, Rule 609; Kansas Statutes Annotated § 60-421.

cretion. These factors are: (1) the nature of the previous conviction, (2) whether the conviction was for substantially the same conduct as the charged offense, and (3) the effect on the decisional process if the accused does not testify for fear of impeachment. *People v Cook,* 131 Mich App 796, 803-804; 347 NW2d 720 (1984). The court must recognize that it has discretion in deciding to admit or exclude evidence of the prior convictions. *People v Carpenter,* 120 Mich App 574; 327 NW2d 523 (1982).

Review of the transcript discloses that each of the above stated factors was met. The trial court carefully reviewed the four previous convictions, disallowed one, and allowed the remaining three after recognizing that, while there would be some prejudice in their admission, the probative value of admission outweighed the prejudice. Since the convictions so admitted were not for crimes similar to the crime charged, the second factor was satisfied. Because defendant did testify, fear of impeachment was not a problem.

II

In sustaining the prosecutor's objection to defense counsel's attempt on direct examination to bring to the jury's attention the fact of defendant's prior convictions, the trial court reasoned that it was improper for counsel to impeach his own witness. While it is established law that the party placing a witness on the stand vouches for the witness' credibility and may not, ordinarily, impeach the witness [*People v Saccoia,* 268 Mich 132, 255 NW2d 738 (1934)], the prohibition is only applicable where the witness' credibility is being attacked. In the instant case, defense counsel was not seeking to attack defendant's credibility. In-

stead, counsel was seeking to reinforce defendant's credibility by forthrightly telling the jury about defendant's past transgressions. In *People v Peabody,* 37 Mich App 87, 90; 194 NW2d 532 (1971), this Court held:

> A defendant should not be penalized because his lawyer seeks to soften the unfavorable impact on the jury of his client's conviction record by bringing it out himself rather than standing by so that the prosecutor can belabor it on cross-examination.

Accord, *People v Iaconnelli,* 112 Mich App 725, 776; 317 NW2d 540 (1982).

The prosecution argues that *Peabody* and *Iaconnelli* were decided prior to the adoption of the new Michigan Rules of Evidence, particularly MRE 609(a) which provides in pertinent part:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination . . . .

According to the prosecutor the adoption of MRE 609 clearly changed the law since now evidence of past crimes may only be brought out "during cross-examination." The question raised is of first impression. We do not read the rule so broadly. While MRE 609 plainly states that evidence of prior convictions shall be admitted during cross-examination, it does not state that evidence of such convictions is prohibited on direct examination. In the absence of an express statement in the rules prohibiting direct examination concerning prior convictions, we doubt that it was the intent of the framers of the new rules to eliminate sub silentio the long recognized and well established

trial strategy of softening the unfavorable impact on the jury by allowing defense counsel to bring out the fact of defendant's prior transgressions under the law. Furthermore, in *People v Blackburn,* 135 Mich App 509; 354 NW2d 807 (1984), a case tried after MRE 609 came into being, defendant brought out the fact of his prior convictions on direct examination after the trial court had declared that evidence of the convictions was admissible. Our Court found that the trial court erred in ruling that evidence of the convictions was admissible, but that defendant had not waived his right to appeal the determination of admissibility of evidence of the prior convictions by the trial tactic of bringing out the convictions on direct examination. Although not squarely on point, we believe *Blackburn* implicitly approves admitting evidence of prior convictions on direct examination.

Thus, we hold that the trial court erred in refusing to allow defendant to testify on direct examination regarding his prior convictions. However, the evidence against defendant was exceedingly strong, a number of witnesses testified in support of the version of the incident recited by the victim, and the prosecution did not refer to prior convictions either in closing argument or in rebuttal. The prosecution simply brought out the fact of the prior convictions during the presentation of evidence and then dropped the issue. This, in addition to the fact that the substance of the evidence concerning the prior convictions by the prosecution was no different than what would have been brought out by defense counsel, causes us to conclude that the error was not critical to the verdict and was therefore harmless.

III

Defendant argues that the trial court erred in

two respects when it allowed the prosecution to impeach the witness. Defendant claims (1) that Doyan was not a res gestae witness and therefore the prosecution was not obliged to call him, and (2), even if Doyan had been a res gestae witness, the impeachment was improper because Doyan had not testified about anything damaging to the prosecution.

It is evident from the testimony that the prosecution had every reason to believe Doyan was a res gestae witness. He claimed to the police on the night of the incident that he saw the stabbing. A res gestae witness has been described as an eye witness to something "in the continuum" of a crime and whose testimony will present a full story of what happened. *People v Cheatham,* 135 Mich App 620, 626; 354 NW2d 282 (1984). Doyan was admittedly in the vicinity of the fight and, had Doyan not been called as a witness, defendant might have claimed error on grounds a res gestae witness was not called to testify.

Furthermore, the defendant presented no evidence that the prosecutor knew that Doyan would repudiate his prior statement. The prosecutor might have been able to infer that Doyan was reluctant to testify from his failure to appear at the preliminary examination, but, even if Doyan was an unwilling witness, that did not inform the prosecutor that Doyan would not testify as expected. MRE 607(2)(C) expressly permits impeachment with evidence of prior inconsistent statements.[3] Doyan's statement to officer Baylis on the

---

3

The credibility of a witness may be attacked by

* * *

night of the crime was inconsistent with his testimony at trial on direct examination. Clearly, it was proper to impeach the witness with evidence of the inconsistent statement. Under MRE 607(2)(C) it is not necessary that Doyan's testimony on direct examination was damaging to the prosecution—it was only necessary that he had made a prior statement clearly inconsistent with what he said on direct examination.

Affirmed.

---

(2) the calling party if

\* \* \*

(C) the witness's testimony was contrary to that which the calling party had anticipated and was actually injurious to the calling party's case.