**UNITED STATES of America,**

v.

**Aubey Brent HARMON.**

**No. 1:98–CR–92.**

United States District Court,
E.D. Tennessee,
at Chattanooga.

Feb. 3, 1999.

---

Perry H. Piper, Federal Defender Services of Eastern Tennessee, Inc., Chattanooga, TN, for Aubey B. Harmon.

Gary S. Humble, U.S. Department of Justice, Office of U.S. Attorney, Chattanooga, TN, for United States.

### MEMORANDUM

COLLIER, District Judge.

On November 20, 1998, Aubey Brent Harmon appeared before the Court to plead guilty to a one-count bill of information which charged:

> The United States Attorney charges that on or about May 27, 1998, in the Northern District of Florida, the defendant AUBEY BRENT HARMON, aided and abetted by others known and unknown to the United States Attorney, did, with intent to defraud, pass, utter and publish counterfeited federal reserve notes of the United States; in violation of 18 U.S.C. § 472.

Since on its face the bill of information did not pertain to crimes committed in this district but to a crime in the Northern District of Florida, the Court inquired as to whether the parties were transferring the case to this

district pursuant to *Fed.R.Crim.P.* 20 which, in pertinent part, states:

> (a) Indictment or Information Pending. A defendant arrested, held, or present in a district other than that in which an indictment or information is pending against that defendant may state in writing a wish to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which that defendant was arrested, held, or present, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is arrested, held, or present, and the prosecution shall continue in that district.

> (b) Indictment or Information Not Pending. A defendant arrested, held, or present, in a district other than the district in which a complaint is pending against that defendant may state in writing a wish to plead guilty or nolo contendere, to waive venue and trial in the district in which the warrant was issued, and to consent to disposition of the case in the district in which that defendant was arrested, held, or present, subject to the approval of the United States attorney for each district. Upon filing the written waiver of venue in the district in which the defendant is present, the prosecution may proceed as if venue were in such district.

The parties stated they were not proceeding pursuant to Rule 20 and instead, Harmon was simply waiving venue. The Court inquired whether this was permissible in view of *Fed.R.Crim.P.* 18 [1] which states in mandatory terms, prosecutions "shall be had in a district in which the offense was committed." Although the Court was aware of case law holding venue may be waived,[2] the Court was

---

1. Rule 18 of the Federal Rules of Criminal Procedure states, "Except as otherwise permitted by statute or these rules, the prosecution shall be had in a district in which the offense was committed. The court shall fix the place of trial

within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice."

2. *See United States v. English*, 925 F.2d 154, 158 (6th Cir.1991); *United States v. Fraser*, 709 F.2d

unaware of any case law permitting prosecution intentionally in a district other than the district where the offense was committed when the prosecution was not pursuant to Rule 20. Because of the Court's uncertainty and because the requirements of Rule 20 had not been followed in that there was no showing of approval by the United States Attorney in each district, the Court declined to accept Harmon's plea. The Court instructed the parties, however, that if they had any authority to show the Court could take a plea such as Harmon's then the parties should submit the authority and the Court would reconsider its decision.

Before the Court is a Joint Motion and Memorandum in Support of Plea Agreement (Court File No. 17). In this motion, the parties argue Harmon has met the essential factors in order to waive venue in that Harmon knows he has the constitutional right to venue, Harmon's waiver is of his own free will, and Harmon will sign a consent to venue form. In support of the motion, the parties cite two cases, *United States v. Meade*, 110 F.3d 190 (1st Cir.1997) and *United States v. Stratton*, 649 F.2d 1066 (5th Cir.1981).

The motion, however, does not address the Court's concerns. Rule 18 is clear in its terms that prosecution, *"except as otherwise permitted by statute or by these rules,"* shall be in the district of the offense. A specific rule, namely, Rule 20, provides just such a mechanism by which defendants may plead in one district to a crime which occurred in another. This rule was adopted in 1944 in order to ease the hardship on defendants who desired to plead guilty. *Fed.R.Crim.P.* 20 advisory committee's 1944 note. The rule, however, requires the United States Attorneys in both districts to consent to a transfer "in order to prevent possible interference with the administration of justice." *Id.* The Advisory Committee reiterated its concern over this issue in its 1974 notes where it stated, "The danger of 'forum shopping' can be controlled by the requirement that both United States Attorneys agree to the han-

dling of the case under provisions of this rule." *Fed.R.Crim.P.* 20 advisory committee's 1974 notes.

Rules 18 and 20 also serve an important purpose by permitting the district with the most interest in the adjudication of the criminal case, the district where the crime allegedly occurred, a decision as to how the case is handled and what charges are to be brought against the defendant. If Rules 18 and 20 are ignored, the district where the crime is committed may not even have knowledge of the defendant's plea yet that district would possibly be precluded from prosecuting the defendant. This would mean individuals such as Timothy McVeigh or Terry Nichols [3] could just strike a deal in Iowa and the Oklahoma authorities would not have any say. This clearly cannot be the case.

As can be seen, if the Court is free to permit a defendant's prosecution in any district notwithstanding the clear language of Rule 18, then Rule 20 serves no purpose. The Court would only have to be persuaded the defendant knows he has the constitutional right to venue, has waived the right of his own free will, and has taken some action evidencing the intent to waive venue. The requirements of Rule 20 would never come into play. Not only would Rule 20 then be superfluous it would be a nullity.

In construing case law and rules, the Court is required to construe them in such a way to give effect to all provisions and so that the case law and rules are rational. However, if the Court accepted the arguments presented by the United States and Harmon, the Court would have to read Rule 20 out of existence. Instead, the most rational interpretation of Rule 18, Rule 20, and the case law permitting waiver is that if the parties know the offense took place in another district and the defendant wishes to plead in a different district, Rule 20 governs and its provisions must be followed.

Here, it is clear the parties knew prior to the filing of the Bill of Information the of-

---

1556, 1559 n. 3 (6th Cir.1983). *See also United States v. Santiago*, 83 F.3d 20, 24 (1st Cir.1996); *United States v. Rodriguez*, 67 F.3d 1312, 1317–18 (7th Cir.1995).

**3.** Timothy McVeigh and Terry Nichols were convicted in the April 19, 1995 bombing of the federal building in Oklahoma City, Oklahoma.

fense took place in the Northern District of Florida. This is not a situation where the United States erroneously thought the offense took place in this district at the time of prosecution but the defect came to light only after prosecution had begun.[4]

The Court, after carefully reviewing the Joint Motion and Memorandum in Support of Plea Agreement, finds it cannot accept prosecution of defendant Harmon in this district for a crime that occurred in the Northern District of Florida. Should defendant Harmon desire to plead guilty in this district, the requirements of Rule 20 must be followed.

Accordingly, the Joint Motion and Memorandum in Support of Plea Agreement will be **DENIED.**

---

4. *See United States v. Sandini,* 803 F.2d 123 (3d Cir.1986); *United States v. Black Cloud,* 590 F.2d 270 (8th Cir.1979); *Jenkins v. United States,* 392 F.2d 303 (10th Cir.1968); *United States v. Gross,* 276 F.2d 816 (2d Cir.1960).