PEOPLE v PAGE

Docket No. 61429. Submitted October 19, 1982, at Detroit.—Decided December 8, 1982.

Myron C. Page was convicted of assault with intent to rob while armed, Recorder's Court of Detroit, Dalton A. Roberson, J. Defendant appeals, alleging that certain remarks of the prosecutor during closing argument may have prejudiced him by conveying to the jury the impression that the defendant was hiding evidence of a statement defendant had made to the police. *Held:*

Any prejudice resulting from the allegedly improper remarks could have been remedied by a curative instruction. Because the defendant neither objected to the remarks at trial nor requested a curative instruction, reversal is not warranted.

Affirmed.

1. CRIMINAL LAW — APPEAL — PROSECUTOR'S ARGUMENT.

Appellate review of a prosecutor's allegedly improper remarks in closing argument is precluded where the defendant failed to object at trial unless failure to decide the issue of the remarks would result in a miscarriage of justice.

2. CRIMINAL LAW — RIGHT TO REMAIN SILENT.

A criminal defendant is under no duty to take the stand or proffer evidence but may remain silent protected by the presumption of innocence.

3. CRIMINAL LAW — PROSECUTOR'S ARGUMENT — PRESERVING QUESTION.

A defendant's conviction will not be reversed on the basis of allegedly improper argument by the prosecutor where any prejudice resulting from the argument could have been remedied by a curative instruction and the defendant neither objected to the argument nor requested a curative instruction.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 624.
[2] 29 Am Jur 2d, Evidence §§ 189, 225, 638.
[3] 5 Am Jur 2d, Appeal and Error §§ 577, 578, 783, 807, 896.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. The defendant was convicted by a jury of assault with intent to rob while armed. MCL 750.89; MSA 28.284. Sentenced to serve a term of 8 to 20 years imprisonment, defendant appeals his conviction as a matter of right.

Defendant argues that certain remarks by the prosecutor in his closing argument were improper and require reversal. The complained of remarks are as follows: "Has the prosecutor been trying to hide anything? Well we introduced his statement. It wasn't Mr. Pitts that introduced it, it was the people." The "statement" mentioned by the prosecutor was given by the defendant to the police after his arrest and introduced at trial by the people. In it, the defendant confessed to the crime and described some sympathetic aspects of his background.[1] We note at the outset that the defendant failed to object to these remarks at trial.

---

[1] The defendant's statement was read into the record as follows:

"I have been out of work for about twelve months now. I have done a few small side jobs for a few bucks; but nothing to amount to anything.

"One day last week, about Monday or Tuesday, I was over to my girlfriend's house at 8202 Archdale.

"I had my rifle over there and I decided to saw it off because I was thinking about shooting myself.

"I didn't bother the gun from the time I cut it off until today.

"This morning about seven or eight a.m., I was over to her house again.

Appellate review is thus foreclosed unless our failure to decide the issue would result in a miscarriage of justice. *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977).

The prosecutor's remarks must be viewed in the context in which they were made. *People v Allen,* 351 Mich 535; 88 NW2d 433 (1958). It is clear that the prosecutor did not intend to stress to the jury that the defendant failed to introduce his confession. Instead, he emphasized those portions of defendant's statement which could evoke the jury's sympathy.[2] His primary point was that the people, having introduced evidence favorable to the defendant, did not "hide anything" from the jury. Nevertheless, by stressing that "[i]t wasn't Mr. Pitts [defense counsel] who introduced it, it was the people" the prosecutor may have conveyed to the jury that the defendant was "hiding" this evidence. It is well-settled that a defendant is under no duty to "take the stand or proffer evidence, but rather may remain silent protected by the presumption of innocence". *People v Shannon,* 88

"I started thinking about shooting myself again. I had my gun with me.

"Sometime after that I left her house.

"I was just walking around. Finally I arrived at the Foto-mat on Greenfield at Joy Road.

"I had not planned to rob, I had not planned a robbery; but I needed the money.

"I walked up to the girl and bought some flashcubes.

"I paid for the cubes and then I told her to give me all the money.

"I never pulled the gun; but I had it in my jacket pocket.

"When she gave me the money I just walked away. She gave me the money and the bag with the flashcube."

[2] Regarding the statement, the prosecutor said:

"It lays out that Mr. Page has had some bad times in the past.

"It kind of paints him as going through some maybe tragic experiences in his own life.

"It kind of paints him in a better light then to go up for no reason at all and rob somebody.

"That wasn't hidden from you. That was presented."

Mich App 138, 143; 276 NW2d 546 (1979). Any prejudice, however, could have been remedied by a curative instruction. Because defendant neither objected nor reguested a curative instruction, we cannot reverse. *People v Duncan, supra, People v Hall,* 396 Mich 650; 242 NW2d 377 (1976). Defendant's conviction is affirmed.

Affirmed.