PEOPLE v WALKER

Docket No. 86534. Submitted January 29, 1988, at Lansing. Decided
    March 22, 1988. Leave to appeal applied for.

Thomas Walker was convicted following a jury trial in the
    Ingham Circuit Court of assault with intent to do great bodily
    harm less then murder, possession of a short-barreled shotgun,
    and possession of a firearm during the commission of a felony.
    Defendant then pled guilty to being a second-felony offender
    and was sentenced by the trial court, James R. Giddings, J.
    Defendant appealed.

    The Court of Appeals held:

    1. The trial court did not err in failing sua sponte to instruct
    the jury on defendant's theories of innocent possession and
    possession by necessity. Such instructions were not warranted
    by the evidence.

    2. Defendant was not denied effective assistance of counsel by
    his attorney's admission that defendant possessed a short-bar-
    reled shotgun.

    3. Defendant's convictions of possession of a short-barreled
    shotgun and possession of a firearm during the commission of a
    felony do not violate his right to be free of double jeopardy.

    4. There was no miscarriage of justice as a result of the

REFERENCES

Am Jur 2d, Criminal Law § 147.

Am Jur 2d, Evidence § 260.

Am Jur 2d, Trial §§ 189 *et seq.*; 193, 425, 653, 654, 656 *et seq.*

Am Jur 2d, Weapons and Firearms §§ 1, 7, 8 *et seq.*; 15.

Supreme Court's views as to what courtroom statements made by
    prosecuting attorney during criminal trial violate due process or
    constitute denial of fair trial. 40 L Ed 2d 886.

Fact that weapon was acquired for self-defense or to prevent its use
    against defendant as defense in prosecution for violation of state
    statute prohibiting persons under indictment for, or convicted of,
    crime from acquiring, having, carrying, or using firearms or
    weapons. 39 ALR4th 967.

Validity and construction of gun control laws. 28 ALR3d 845.

prosecutor's remarks regarding defendant's motivation for lying which were not objected to by defendant.

5. The trial court did not abuse its discretion in allowing the victim to be pointed out to the jury.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — THEORY OF THE CASE.

A jury instruction regarding the defendant's theory of the case should be given only when there is evidence to support it.

2. WEAPONS — DEFENSES — INNOCENT POSSESSION OF WEAPON — CRIMINAL LAW.

The evidence, to support a jury instruction on the innocent possession defense, must show momentary or brief possession of a weapon resulting from the disarming of a wrongful possessor accompanied by the intent to deliver the weapon to the police at the earliest possible time.

3. CRIMINAL LAW — DEFENSES — NECESSITY.

A defense of necessity requires a present, imminent and impending threat of death or serious bodily harm; a threat of future injury is insufficient to support such a defense.

4. WEAPONS — DOUBLE JEOPARDY — FELONY-FIREARM — POSSESSION OF SHORT-BARRELED SHOTGUN — CRIMINAL LAW.

The Legislature intended to authorize multiple convictions for felony-firearm and possession of a short-barreled shotgun where a different offense is used as the underlying felony for the felony-firearm conviction (MCL 750.224b, 750.227b; MSA 28.421[2], 28.424[2]).

5. CRIMINAL LAW — PROSECUTING ATTORNEYS — PRESERVING QUESTION.

Appellate review of alleged improper remarks by a prosecuting attorney is foreclosed when no objection to the remarks was made unless the failure to consider the issue would result in a miscarriage of justice.

6. TRIAL — EVIDENCE — APPEAL.

A trial court's decision to admit arguably prejudicial evidence is not error requiring reversal unless it represents an abuse of discretion.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *William E. Molner,* Assistant Attorney General, for the people.

State Appellate Defender (by *Herb Jordan*), for defendant on appeal.

Before: DANHOF, C.J., and MacKENZIE and P. R. JOSLYN,* JJ.

PER CURIAM. Defendant appeals as of right from his convictions of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, possession of a short-barreled shotgun, MCL 750.224b; MSA 28.421(2), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant pled guilty to being a second-felony offender, MCL 769.10; MSA 28.1082. Six issues are raised on appeal, none of which merits reversal of defendant's convictions.

The charges against defendant arose out of the shooting of Daniel Ruff. The shooting took place at the house where defendant was living with several other people. Ruff was apparently angry because his girlfriend had visited defendant previously. As Ruff stood at the bottom of a stairway, defendant stood on the landing with a short-barreled shotgun and fired at Ruff.

Defendant testified that on the day of the incident he moved the gun from the first floor of the house to his bedroom closet. Defendant did not consider the gun to be his, but he did not want it laying around unattended. Defendant said that on other occasions he found the gun downstairs and put it upstairs.

The trial court ruled that Ruff was incompetent to testify because of an organic brain disorder associated with the shooting. Ruff was in a wheelchair at the time of trial due to a suicide attempt and a fall from a substantial height that caused further injuries. After noting that there was noth-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ing grotesque or unusual about Ruff's appearance, the trial court allowed a witness to point Ruff out to the jury at trial.

During closing argument, defense counsel acknowledged that defendant was guilty of being in possession of a short-barreled shotgun but maintained that defendant was innocent of the assault charge because he acted in self defense. The prosecutor argued in closing that defendant lied about being in fear for his life because he was afraid of being convicted. Although defendant was charged with assault with intent to murder, the jury found him guilty of the lesser-included offense of assault with intent to do great bodily harm less than murder. Defendant was also found guilty of possession of a short-barreled shotgun and possession of a firearm during the commission of a felony.

Defendant's first argument is that the trial court erred in failing sua sponte to instruct the jury on his theories of innocent possession and possession by necessity. There is a conflict in this Court regarding whether the trial court must sua sponte instruct the jury regarding defendant's theory of the case.[1] However, a jury instruction regarding defendant's theory of the case should be given only when there is evidence to support it. *People v Rone (On Second Remand),* 109 Mich App 702, 713; 311 NW2d 835 (1981), lv den 414 Mich 873 (1982); *People v Stapf,* 155 Mich App 491, 497; 400 NW2d

---

[1] In *People v Cheatham,* 135 Mich App 620; 354 NW2d 282 (1984), this Court determined that the trial court was not obligated sua sponte to give any instruction setting forth either party's theory. The *Cheatham* panel noted that a contrary rule was stated in *People v Hearn,* 100 Mich App 749; 300 NW2d 396 (1980); *People v Gayton,* 81 Mich App 390; 265 NW2d 344 (1978); *People v Stanley Jones,* 69 Mich App 459; 245 NW2d 91 (1976), lv den 401 Mich 831 (1977). The panels in those cases held that the trial court must sua sponte instruct the jury on a party's theory. The view expressed in *Cheatham* is consistent with MCR 2.516(B)(3), which requires that a party request an instruction as to the theory of his or her case before one must be given.

656 (1986). Even if the trial court was obligated sua sponte to instruct the jury on defendant's theories, it was not warranted by the evidence in this case.

To support a jury instruction on the innocent possession defense, the evidence must show momentary or brief possession of a weapon resulting from the disarming of a wrongful possessor accompanied by the intent of delivering the weapon to the police at the earliest possible time. *People v Coffey,* 153 Mich App 311; 395 NW2d 250 (1986), lv den 426 Mich 858 (1986). The defense of necessity requires a present, imminent and impending threat of death or serious bodily harm. A threat of future injury is insufficient to support a necessity defense. *People v Hubbard,* 115 Mich App 73; 320 NW2d 294 (1982), lv den 417 Mich 910 (1983).

In the present case, defendant said that he put the short-barreled shotgun in the closet, as he had done on prior occasions, to prevent it from falling into anyone else's hands. There was no indication that defendant had any intent to turn the shotgun over to the police, as is required for the innocent possession defense. *Coffey, supra.* In addition, the evidence showed that defendant acted under the threat of future harm and not under a threat of present, imminent and impending danger, as is required for a defense of necessity. *Hubbard, supra.* Therefore, instructions regarding the defenses of innocent possession and possession by necessity were not warranted.

Defendant's second argument is that he was denied effective assistance of counsel by his attorney's admission in closing argument that defendant possessed a short-barreled shotgun. If an ineffective-assistance-of-counsel claim depends on facts not in the record, then defendant should make a motion for new trial at which testimony to

support defendant's claim may be taken. *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973). In the present case, there was no *Ginther* hearing. Therefore, defendant's ineffective-assistance-of-counsel claim is to be evaluated on the basis of the trial transcript only.

It is well established that arguing that defendant is guilty of an offense is not necessarily ineffective assistance of counsel under *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977). In *People v Savoie,* 419 Mich 118; 349 NW2d 139 (1984), defense counsel argued that defendant shot a police officer, but was too intoxicated at the time to form the necessary intent for first-degree murder. In *People v Wise,* 134 Mich App 82; 351 NW2d 255 (1984), lv den 422 Mich 852 (1985), defense counsel argued that defendant was guilty of conspiracy and breaking and entering but was innocent of other charges. In both cases, it was held that there was no ineffective assistance of counsel. Where the evidence obviously points to defendant's guilt, it can be better tactically to admit to the guilt and assert a defense or admit to guilt on some charges but maintain innocence on others. Such a trial tactic may actually improve defendant's credibility and will not be second-guessed. *Wise, supra,* p 98.

In the present case, it is reasonable to conclude from the record before us that defense counsel employed the accepted trial strategy of admitting guilt to a lesser offense. Such a trial strategy is not second-guessed. *Savoie, supra; Wise, supra.* Therefore, defendant was not denied effective assistance of counsel under *Garcia.*

Defendant's third argument is that his convictions of possession of a short-barreled shotgun and possession of a firearm during the commission of a felony violate his right to be free of double jeop-

ardy. Defendant acknowledges that the possession offense was not used as the underlying felony for the felony-firearm offense. However, defendant argues that the concurrence of the two convictions nevertheless violates double jeopardy. *People v Bonner,* 116 Mich App 41; 321 NW2d 835 (1982), lv den 417 Mich 919 (1983), lends support to defendant's argument. The defendant in *Bonner* was convicted of the same three offenses of which defendant in the instant case was convicted. As in the instant case, the possession offense in *Bonner* was not used as the underlying felony for the felony-firearm offense. However, this Court held that double jeopardy was violated because the possession offense and the felony-firearm offense were both supported by proof of the use of a shotgun.

We decline to follow *Bonner* because we believe that our Supreme Court's recent opinion in *People v Sturgis,* 427 Mich 392; 397 NW2d 783 (1986), has modified the double jeopardy analysis used in *Bonner.* The *Bonner* panel used a "factual" double jeopardy analysis. Under factual double jeopardy, multiple convictions are impermissible when the facts of a transaction do "double duty" in supplying proof of elements of distinct offenses. However, the *Sturgis* Court said that "factual" double jeopardy could not limit the power of the Legislature to authorize multiple punishment. The intent of the Legislature to authorize multiple punishment is the sole inquiry for purposes of double jeopardy analysis when multiple convictions occur after a single prosecution. *Sturgis, supra; People v Robideau,* 419 Mich 458; 355 NW2d 592 (1984).

In *Sturgis,* our Supreme Court gave three factors to be used in determining whether the Legislature intended to authorize multiple punishments. First, the language of the statutes should be considered.

Second, if the statutes are directed at two distinctly different evils, that is an indication that the Legislature intended multiple punishments. Third, the test in *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), may be applied, but it is not dispositive. Under the *Blockburger* test, multiple convictions are permissible if each offense requires proof of at least one element that the other offense does not require. The *Sturgis* Court applied these three factors to the defendant's convictions of carrying a concealed weapon and felony-firearm. The Court concluded that the Legislature intended to authorize multiple punishments for these offenses so long as the underlying felony for felony-firearm was an act separate and apart from carrying a concealed weapon. In *Sturgis,* defendant's third conviction of felonious assault was sufficient to serve as the underlying felony for the felony-firearm conviction.

In the present case, defendant's conviction of assault with intent to do great bodily harm less than murder is an act separate and apart from possession of a short-barreled shotgun. The assault conviction is therefore sufficient to support defendant's conviction of felony-firearm. Therefore, if the Legislature intended to authorize multiple convictions for felony-firearm and possession of a short-barreled shotgun, then defendant's right to be free of double jeopardy has not been violated.

After applying the three factors in *Sturgis,* we conclude that the Legislature intended to authorize multiple convictions for felony-firearm and possession of a short-barreled shotgun. The statute prohibiting the possession of a short-barreled shotgun was enacted two years after the felony-firearm statute. However, the possession offense in the present case is analogous to the possession offense in *Sturgis.* We agree with the *Sturgis* Court that

the Legislature's intent was to preclude a possession offense from serving as the underlying felony for felony-firearm. However, the language of the statutes does not suggest that possession of a firearm and felony-firearm convictions cannot occur simultaneously so long as a different offense is used as the underlying felony for felony-firearm. Therefore, the language of the statutes suggests a legislative intent to authorize multiple punishments.

The *Sturgis* Court also noted that the carrying-a-concealed-weapon and felony-firearm statutes were directed at two distinctly different evils. Like carrying a concealed weapon, possession of a short-barreled shotgun is a strict liability offense, the purpose of which is to discourage the possession of short-barreled shotguns. As the Court noted in *Sturgis,* the felony-firearm statute is aimed at discouraging the use of a weapon during the course of a felony. Therefore, two distinctly different social harms are involved, which is a further indication of legislative intent to impose multiple punishments.

Under the *Blockburger* test, each of defendant's convictions requires proof of an element that the other convictions do not require. While the *Blockburger* test is not conclusive, the *Sturgis* Court said that it may be applied as a test of legislative intent. Since all three of the *Sturgis* factors indicate that the Legislature intended to authorize multiple convictions in the present case, we conclude that defendant's right to be free of double jeopardy was not violated.

Defendant's fourth argument is that manifest injustice was caused by the prosecutor's remark regarding defendant's motivation for lying. When no objection to remarks is made, appellate review is foreclosed unless failure to consider the issue

would result in a miscarriage of justice. *People v Page,* 122 Mich App 80; 329 NW2d 541 (1982). The prosecutor may argue that defendant is not worthy of belief if the argument is based on facts and evidence of the case. *People v Evans,* 128 Mich App 311; 340 NW2d 291 (1983). However, the prosecutor may not burden defendant's constitutional right to be present at trial by arguing that defendant would not have appeared for trial if he were innocent. Such a hypothetical remark was disapproved of in *People v Buckey,* 424 Mich 1; 378 NW2d 432 (1985). However, the actual remark in *Buckey,* that defendant had an opportunity to fabricate his testimony because he heard the other witnesses testify, was not improper because it was tied to the facts and evidence of the case.

In the present case, the prosecutor argued in part as follows:

> Again, it is our position that the story that the defendant has told you about his fear is a fabrication. That it's a fabrication that he has concocted for the purpose of extraditing himself from this situation that he's in. He's in a position of being convicted of a crime and that is the motivation for this fabrication.

The remark in the present case no more burdened defendant's right to testify than the actual remark in *Buckey* burdened defendant's right to be present at trial. Moreover, as in *Buckey,* the remark in the present case was linked to the facts and evidence of the case. Since no objection was made, our review is limited to whether there was a miscarriage of justice. We find no miscarriage of justice in the present case.

Defendant's fifth argument is that the trial court erred in allowing Ruff to be pointed out to

the jury. The decision to admit arguably prejudicial evidence is not error requiring reversal unless it represents an abuse of discretion. *People v Peery*, 119 Mich App 207; 326 NW2d 451 (1982), lv den 417 Mich 1018 (1983). The trial court noted that there was nothing "inappropriate, grotesque, particularly unusual about his (Ruff's) appearance." Furthermore, the court instructed the jurors that Ruff's confinement to a wheelchair had nothing to do with the shooting. Since we can find no prejudice to defendant as a result of the jury's viewing Ruff, we cannot say that the trial court abused its discretion in allowing Ruff to be pointed out to the jury.

Defendant's sixth argument regarding resentencing will not be addressed because none of defendant's convictions requires reversal.

Defendant's convictions are affirmed.